UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JANE E. WAGNER, and<br>ROBERT A. WAGNER, | )<br>)<br>) | |
| Plaintiffs, | )<br>)<br>) | |
| vs. | )<br>) | NO. 1:11-cv-00433-TWP-MJD |
| | )<br>) | |
| MIZUHO ORTHEPEDIC<br>SYSTEMS, INC. | )<br>)<br>) | |
| Defendants. | ) | |

**Order on Plaintiff's Motion to Amend Complaint**

This matter comes before the Court on Plaintiffs Jane and Robert Wagners' ("the Wagners") Motion to Amend the Complaint. [Dkt. 62]. For the following reasons, the Court hereby **GRANTS** the Wagners' Motion to Amend.

**I. Background**

This case involves a products liability claim brought by the Wagners against Defendant Mizuho Orthopedic Systems, Inc. ("Mizuho"). According to the Wagners, a defective surgical table used during Jane Wagner's hospital treatment malfunctioned, causing her severe injury. Pursuant to the Indiana Medical Malpractice Act ("MMA"), the Wagners also filed an action for malpractice against the hospital where the injury occurred ("the Hospital") with the Indiana Department of Insurance ("IDOI"), and the proceedings of the medical review board are still pending. In their Complaint filed in this Court, the Wagners did not name the Hospital as a

1

codefendant. [Dkt. 13]. However, the Wagners now move to amend their Complaint to join the Hospital as a defendant. [Dkt. 62].

## II. Discussion

The Wagners argue that, because the matter before the IDOI's medical review panel against the Hospital and this matter against Mizuho derive from the same occurrence, joinder is appropriate and the Court should grant leave to amend the Complaint and join the Hospital as a defendant. [Dkt. 62, 62-4]. In response, Mizuho argues that the Court may not join the Hospital as a defendant because of unreasonable delay that would result from waiting for the medical review panel to rule on the matter. [Dkt. 64].

### A. The Court Has Discretion in Giving Leave to Amend the Complaint

Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend the complaint] when justice so requires." This is a broad allowance with few enumerated exceptions. *See Bethany Pharmacal Co., Inc. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001). "[T]he district court need not allow an amendment when there is undue delay, bad faith, dilatory motive, undue prejudice to the opposing party, or when the amendment would be futile." *Id.* Generally, the grant of leave to amend the pleadings under Rule 15(a) is within the discretion of the trial court. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995).

Because the approved case management plan deadline to file motions for leave to amend the pleadings has passed [Dkt. 20 at 2], Mizuho argues that the Wagners should not be able to amend their Complaint. [Dkt. 64 at 3]. However, Mizuho does not cite any court rule or case law preventing the Court from amending its own case management plan. [*Id.*] Thus, the Court

will exercise its discretion under Rule 15 in determining whether the amendment to the Complaint should be permitted.

Mizuho also argues that the MMA's anonymity provision prevents the Wagners from naming the Hospital in question in the proposed Amended Complaint. [Dkt. 64]. Under the MMA, "the complaint filed in court may not contain any information that would allow a third party to identify the defendant" in order to protect the reputation of the health care provider. Ind. Code 34-18-8-7(a)(1); *see Kho v. Pennington*, 875 N.E.2d 208, 209–16 (Ind. 2007). If, however, the Wagners join the Hospital under a pseudonym such as "Anonymous Hospital," the MMA's anonymity provision is satisfied, as would be Rule 10(a)'s naming requirement. *See Caywood v. Anonymous Hosp.*, No. 1:11-cv-01313-TWP-MJD, 2012 U.S. Dist. LEXIS 43708, at *7 n. 2 (S.D. Ind. Mar. 29, 2012).

Mizuho further argues that amending the Complaint would unreasonably delay the proceedings of the case. However, because it is possible for the Hospital to be "named" without being identified, the Court would not need to wait until the medical review panel rules in order to move forward with this case as it relates to Mizuho. *Id.* The identity of the Hospital can remain anonymous throughout the proceedings until the medical review board has issued its decision. *See Caywood v. Anonymous Hosp.*, No. 1:11-cv-01313-TWP-MJD, 2012 U.S. Dist. LEXIS 43706 (S.D. Ind. Mar. 29, 2012). Thus, there is no reason to believe that joining the Hospital in question would unreasonably delay this case, and the Court may exercise its discretion under Rule 15 in granting the Wagner's leave to amend their complaint.

### B.  Joinder of the Hospital is Proper

Although the Court is exercising its discretion under Rule 15 in permitting the Wagners to amend their Complaint, the principles underlying Federal Rules of Civil Procedure 19 and 20

3

further support the decision to permit the Wagners to amend their Complaint to join the Hospital. Because jurisdiction was not properly pleaded in the proposed Amended Complaint, the question of the Court's continuing jurisdiction must remain undecided at present. However, because information of which the Court is aware suggests that the Hospital is an Indiana entity and, therefore, non-diverse, the Court's analysis will proceed on the assumption that joinder of the Hospital will defeat the Court's subject matter jurisdiction.

The jurisdiction of federal courts is fundamentally limited, through both the Constitution and Congress. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). In any case in federal court based on diversity jurisdiction, there must be "complete" diversity between each defendant and each plaintiff. *See* 28 U.S.C. § 1332. The United States Code provides that, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may [1] deny joinder, or [2] permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). A district court cannot retain subject matter jurisdiction after permitting joinder of a non-diverse party, so the court must balance the equities to make the determination. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). The Court looks to the principles underlying these rules in support of the conclusion that the Wagners may amend their complaint under Rule 15.

Rule 20(a)(2) provides that a defendant may be joined (1) when *any* right to relief stems from the same occurrence and (2) when *any* question of law or fact common to all of the defendants will arise. Fed. R. Civ. P. 20(a)(2). The district court is given wide discretion in its decisions concerning the joinder of parties, so long as it is consistent with the principles of fundamental fairness. *Chavez v. Illinois State Police*, 251 F.3d 612, 632 (7th Cir. 2001).

4

Specifically, when joinder under Rule 20 will affect federal jurisdiction over a case, the Seventh Circuit looks to four factors in particular when analyzing the joinder of a non-diverse party:

> (1) the plaintiff's motive for seeking joinder, particularly whether the purpose is to defeat federal jurisdiction;
> (2) the timeliness of the request to amend;
> (3) whether the plaintiff will be significantly injured if amendment is not allowed; and
> (4) any other relevant equitable considerations.

*Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 759 (7th Cir. 2009). This analysis is appropriate in order to prevent fraudulent joinder. *Id.*

Under Federal Rule of Civil Procedure 19, an entity is a required party if, in that entity's absence, the court cannot accord complete relief among the existing parties, or if that entity claims an interest relating to the subject of the action and is so situated that disposing of the action in the entity's absence may impair or impede that entity's ability to protect its interest, or would leave an existing party subject to inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(B). Such a party must be joined if its joinder will not deprive the court of subject matter jurisdiction. Fed. R. Civ. P. 19(a)(1); *Krueger v. Cartwright*, 996 F.2d 928, 932 (7th Cir. 1993). Under Rule 19(b), when joinder is not feasible, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or be dismissed.

In this matter, the Court will apply the Federal Rules of Civil Procedure and the test outlined in *Schur*, not Trial Rule 15 of the Indiana Rules of Procedure that is cited by the Wagners [Dkt. 62]. Joinder of the Hospital – a likely non-diverse party – is appropriate under the *Schur* test. First, there is no ill motive in the Wagner's desire to join the Hospital, as their purpose is simply to join all related issues into one case. Second, the request to join the Hospital is timely, as the failure by the Wagners to join the

5

Hospital at the outset of the litigation was a result of the Wagners' efforts to comply with the MMA by filing an action for malpractice against the Hospital first with the IDOI. In addition, discovery in this case is still in its infancy, so there is no harm or delay to Mizuho in that respect. Finally, there would be no harm to Mizuho if the amendment is allowed, and in fact the parties may both be prejudiced by not joining the Hospital at this time, as further discussed below.

The other requirements for proper joinder under Rules 19 and 20 are satisfied in this case. The claims against both Mizuho and the Hospital arise out of the same occurrence and operative facts. Mrs. Wagner was injured while on a table manufactured by Mizuho while under the care of the Hospital. In fact, Mizuho raises several affirmative defenses in its answer that implicate the Hospital. Mizuho alleges that the Mrs. Wagner's injuries were proximately caused by the Hospital, that misuse of the table -- presumably by the Hospital-- proximately caused or contributed to the her damages, and that Mrs. Wagner's damages were a proximate result of unforeseeable modifications to the table, also presumably by the Hospital. [Dkt. 8 at 14-15]. Identical questions of law and fact will be common to both proposed defendants, the maker of the table as well as the hospital where the treatment took place, so Rule 20's second prong is also satisfied. In addition, in analyzing this matter under Rule 19, disposing of this action in the absence of the Hospital would both impair the Hospital's ability to protect its interest, as well as possibly subject Mizuho to inconsistent obligations because of the possibility that the Hospital's actions contributed to Mrs. Wagner's injuries. *See* Fed. R. Civ. P. 19(a)(1)(B). Thus, Federal Rules of Civil Procedure 19 and 20 support the Court's decision to permit amendments to the complaint that result in the joinder of the Hospital.

### C. The Proposed Amended Complaint Lacks Proper Jurisdictional Allegations

As stated above, the Wagners fail to include proper jurisdictional allegations in their proposed Amended Complaint. When a corporation is a party, it is deemed to be a citizen of any state where it is incorporated and where it has its "principal place of business." *Id.* The Supreme Court recently found that a corporation's principal place of business refers to its "nerve center"—"the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).

Regarding the jurisdictional requirement, in their proposed Amended Complaint the Wagners note that Mizuho is incorporated and has its principle place of business "in states other than Indiana." [Dkt. 62-4]. Additionally, the Wagners state that the Hospital they wish to join as a co-defendant is "located in Indianapolis, Indiana." *Id.* However, when a corporation is a party to a suit in federal court on the basis of complete diversity, the complaint filed in the Court must specify each state in which the corporation is incorporated *and* where it has a nerve center. *Friend*, 130 S. Ct. 1192. A plaintiff may not plead jurisdiction in the negative by asserting that a party is not a citizen of a particular state. *See Peters v. Astrazeneca LP*, 224 Fed. Appx. 503, 505 (7th Cir. 2007). Thus, the proposed Amended Complaint currently lacks the jurisdictional requirements necessary to move forward.[1] Nevertheless, the Wagners will be permitted to amend their complaint to add the Hospital as a defendant, and if the Hospital is in fact a non-diverse party, the Court will address the proper course of action in a separate order in accordance with 28 U.S.C. § 1332 and 28 U.S.C. § 1447(c), as appropriate.

### III. CONCLUSION

---

[1] The proposed Amended Complaint also identifies the Hospital, which would violate Ind. Code. § 34-18-8-7 if the Amended Complaint were accepted for filing. Accordingly, the Wagners' proposed Amended Complaint [Dkt. 62-4] is hereby **SEALED** and in the revised Amended Complaint, the Wagners shall refer to the hospital as "Anonymous Hospital" and shall excise from the Amended Complaint any references providing the actual identity of the Hospital.

In summary, the Wagners' claims against both Mizuho and the Hospital arise from a single incident and the interests of judicial economy and simple common sense dictate that those claims be litigated in a single lawsuit. For the reasons stated above, the Court hereby **GRANTS** the Wagners' Motion to Amend Complaint [Dkt. 62], pending revisions that satisfy the jurisdictional requirement, the naming requirement, and the anonymity provision of the MMA, discussed in this Order. Plaintiffs are required to include a proper jurisdictional statement in their Amended Complaint, which must specifically provide the state of incorporation, as well as the principal place of business, of each defendant, not merely state where each defendant does or does not do business, or where they are located. Plaintiffs shall file an Amended Complaint within seven days of the date of this Order. Additionally, the Court hereby orders that Dkt. 62-4 be **SEALED** in order to comply with the anonymity provision of the MMA.

So ordered.

Date: 04/30/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution list:

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com

Tony B. Manns
WAGNER CRAWFORD & GAMBILL
tbmanns@wagnerlawfirm.biz

Susan Kathleen Swing
JOHNSON & BELL, LTD
swingS@jbltd.com

Larry J. Wagner
WAGNER CRAWFORD GAMBILL & TROUT

wcg@wagnerlawfirm.biz