UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE E. WAGNER, and ) | |
| ROBERT A. WAGNER, ) | |
| ) | |
| Plaintiffs, ) | |
| vs. ) | NO. 1:11-cv-00433-TWP-MJD |
| ) | |
| MIZUHO ORTHEPEDIC ) | |
| SYSTEMS, INC. ) | |
| ) | |
| Defendants. ) | |

## Report & Recommendation

Because the Court had concerns regarding its subject matter jurisdiction over this matter, on May 10, 2012, the Court issued an Order to Show Cause ("OSC") requiring Plaintiffs Jane and Robert Wagner to file a statement that provided their citizenship and the citizenship of recently added Defendant Anonymous Hospital. [Dkt. 71.] In the statement of citizenship filed in response to the Court's OSC, Plaintiffs alleged that both Jane and Robert Wagner are citizens of the State of Indiana. [Dkt. 72.] Plaintiffs also alleged that Defendant Anonymous Hospital is an Indiana corporation with its principal place of business in Indianapolis, Indiana and therefore, is a citizen of the State of Indiana. Defendants do not dispute these allegations.

As a result of Plaintiffs' statement of citizenship, the Court issued another OSC on May 23, 2012, requiring the parties to show cause as to why this matter should not be remanded for lack of subject matter jurisdiction. In the May 23, 2012 OSC, the Court stated the following:

> For the Court to have diversity jurisdiction under 28 U.S.C. § 1332, complete diversity must exist, which means that no party may share a common citizenship with any of the parties on the other side of the dispute. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71 (7th Cir. 1992) (citing *Stawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). Based upon the undisputed jurisdictional allegations, it appears that complete diversity does not exist between the Plaintiffs, citizens of Indiana, and Anonymous Hospital, also a citizen of Indiana. Pursuant to 28 U.S.C. § 1447, "[i]f at any time before final judgment it appears that the district

    court lacks subject matter jurisdiction, the case shall be remanded." § 1447(c). Thus, remand appears required in this matter. *See Caywood v. Anonymous Hospital*, ---F. Supp. 2d ---, 2012 WL 1383123, at *4 (S.D. Ind. March 29, 2012) (finding remand required where anonymous hospital was identified as a citizen of the same state as the Plaintiff).

[Dkt. 77.] None of the parties filed a response to the Court's May 23, 2012 OSC. Having given the parties an opportunity to respond, the Court now finds that complete diversity of citizenship does not exist in this matter and therefore the Court lacks subject matter jurisdiction. Thus, under 28 U.S.C. § 1447, remand is required.

    For the reasons discussed above, the Court should remand this matter back to the Marion Superior Court for lack of subject matter jurisdiction with each party bearing its own costs and expenses. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a), and failure to file timely objections within the fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Dated: 06/15/2012

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

Edward W. Hearn
JOHNSON & BELL
hearne@jbltd.com

Tony B. Manns
WAGNER CRAWFORD & GAMBILL
tbmanns@wagnerlawfirm.biz

Susan Kathleen Swing
JOHNSON & BELL, LTD
swingS@jbltd.com

Larry J. Wagner
WAGNER CRAWFORD GAMBILL & TROUT

wcg@wagnerlawfirm.biz